UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEMA M. BRYAN,<br><br>       Plaintiff,<br><br>   -against-<br><br>THE CITY UNIVERSITY OF NEW YORK;<br>JOHN JAY COLLEGE OF CRIMINAL<br>JUSTICE; JANE AND JOHN DOE,<br><br>       Defendants. | 20-CV-1627 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, Title VI of the Civil

Rights Act, and the Equal Education Opportunities Act, 20 U.S.C. § 1703. By order dated

February 26, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Shema Bryan alleges that he was not invited to apply for the City University of New York (CUNY) Honors Program.[1] It appears from Plaintiff's complaint that eligibility for the program is based, at least in part, on having qualifying grades and a certain number of course credits. Plaintiff states that he "discovered" on September 17, 2019, that he "qualified for an invite into the school[']s honors program." (Compl. at 5.) When he inquired about his "qualifications," he was told that his grades "were not computed in the system." (*Id.*) Students are recruited at certain times of the year to apply for the program, and Plaintiff was told that as of the next "recruitment phase," he would have "accum[u]lated too many credits to qualify for the program." (*Id.*) Plaintiff contends that the college has admitted that "their system prevented me from getting an invite into the Honors Program." (*Id.*) Plaintiff states that he was told that "they are sorry and that they will edit their website." (*Id.*)

Plaintiff does not identify his race but state the following:

The college is being deceitful in stating that I was excluded from recruitment due to an error in their system. In fact, I, like numerous minority students, am being discriminated against. They are intentionally vetting out Black and Hispanic students.

(*Id.* at 6.)

Plaintiff brings this suit against Defendants CUNY, John Jay College, and John or Jane Doe, seeking damages.

---

[1] It is unclear from Plaintiff's allegations whether only those who are invited can apply for the CUNY Honors Program.

## DISCUSSION

### A.      Claims under 42 U.S.C. § 1983

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

CUNY's Central Administration and CUNY's senior colleges qualify as arms of the State of New York. *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 81 (2d Cir. 2004) ("Is a CUNY senior college an 'arm of the state' and therefore immune from suit? . . . [W]e find that it is."); *Barry v. City Univ. of New York*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010) ("The question of whether CUNY constitutes an 'arm of the state'—at least insofar as the conduct in question relates to a "senior college" such as Hunter—was decisively settled in *Clissuras*.").

John Jay College is one of CUNY's senior colleges, and is therefore an arm of the state. *See, e.g.*, *Stanley v. CUNY, John Jay Coll.*, No. 18-CV-4844 (AJN), 2019 WL 4805909, at *2 (S.D.N.Y. Sept. 30, 2019) (dismissing § 1983 claims against CUNY and John Jay College, a senior college of CUNY).[2] Under the Eleventh Amendment, CUNY and John Jay College thus

---

[2] By contrast, "[a]s a community college that is part of the City University of New York system, LaGuardia [Community College] is a municipal entity subject to liability under 42 U.S.C. § 1983." *McKie v. LaGuardia Community College*, No. 04-CV-5555 (RRM), 2008 WL 4489796 (E.D.N.Y. Sept. 30, 2008) (relying on *Clissuras*, 359 F.3d at 81-82).

are immune from suit in federal court for claims pursuant to § 1983. *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii).

**B.      Title VI of the Civil Rights Act of 1964**

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States

shall, on the ground of race, color, or national origin, be excluded from participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 42 U.S.C. § 2000d.[3]

To establish a Title VI claim, a plaintiff must allege that (1) the defendant discriminated

against him or her on the basis of membership in a protected group; (2) such discrimination was

intentional; and (3) such discrimination was a substantial and motivating factor in the

defendant's actions. *See Manolov v. Borough of Mahattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531

(S.D.N.Y. 2013); *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (noting that the

discrimination must be a "'substantial' or 'motivating factor' for the defendant's actions.").

Here, Plaintiff allege that he is a "minority student" and that he was not invited to apply

to the Honors Program because his "grades were not computed in the system." (ECF 2 at 5.)

Plaintiff further alleges that as of the next recruitment phase, he would have "too many credits"

to qualify for the program.  (*Id.*)  These allegations are insufficient to plead that Plaintiff's race

played a part in the failure to issue him an invitation to apply to the Honors Program. Because

Plaintiff has not pleaded facts showing that his race was a substantial or motivating factor in this

incident, Plaintiff's allegations fail to state a claim under Title VI.

---

[3] Congress abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 21, 1986," 42 U.S.C. § 2000d-7(b), "and CUNY is therefore not immune to suit under Title VI." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).

C.      **Equal Education Opportunities Act**

The Equal Education Opportunities Act (EEOA) prohibits the denial of equal educational opportunities on the basis of "race, color, sex or national origin." 20 U.S.C. § 1703. The EEOA creates a private cause of action for individuals who have been denied an opportunity for equal education, in addition to creating a cause of action for the Attorney General of the United States, who may institute a civil action on behalf of an individual protected by the statute. 20 U.S.C. § 1706; *United States v. City of Yonkers*, 96 F.3d 600 (2d Cir. 1996).

Plaintiff's allegations that he was not invited to apply for the CUNY Honors Program—which Plaintiff seems to allege was either because his grades did not qualify him for the program at the time of recruitment or because had too many credits to be considered for the program — do not include any facts showing that the failure to recruit him resulted from discrimination on the basis of "race, color, sex or national origin." 20 U.S.C. § 1703. Plaintiff thus fails to state a claim on which relief can be granted under the EEOA.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his Title VI and EEOA claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-1627 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    March 23, 2020
          New York, New York

_____
            COLLEEN McMAHON
        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name                    Middle Initial        Last Name

Street Address

County, City                              State                Zip Code

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 2:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 3:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 4: _____

          First Name                    Last Name

          _____

          Current Job Title (or other identifying information)

          _____

          Current Work Address (or other address where defendant may be served)

          _____

          County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.